No. 83-224

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

STATE OF MONTANA,

        Plaintiff and Respondent,

-vs-

KERMIT KAO,

        Defendant and Appellant.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Neil Halprin, Missoula, Montana

    For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

Submitted on Briefs: Nov. 20, 1984

Decided: March 28, 1985

Filed:

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant was charged in Powell County District Court with escape, a felony, as the result of his walking away from the Montana State Prison laundry on August 11, 1982. He was convicted and given a four-year sentence to be served consecutively to the sentences he was already serving. We reverse the conviction.

The decisive issue is whether the District Court committed reversible error in admitting evidence of a warrantless search of the dwelling in which the defendant was discovered.

The pertinent facts are set forth in State of Montana v. Francis Morris Kao, Supreme Court cause no. 83-222 (Kao I). Francis Morris is now the wife of Kermit Kao, the defendant in this case (Kao II). Francis Kao appealed her conviction for obstructing justice by concealment of Kermit Kao in her residence in Deer Lodge, Montana, after his escape from the prison. The facts will not be repeated.

In Kao I, this Court concluded that the search of Francis Kao's residence was illegal in the absence of a search warrant, even though the searching officers had a warrant for the arrest of Kermit Kao. In this appeal we must determine whether admission in the trial of Kermit Kao of evidence obtained in the illegal search was reversible error.

The unconstitutional search described in Kao I is no less an unconstitutional search in Kao II. Nonetheless, the State argues that Kermit Kao does not have standing to challenge the constitutionality of that search. In State v. Dess (Mont. 1982), 655 P.2d 149, 153, 39 St.Rep. 2231, 2235-36, we discussed the standing requirement. We pointed out that an illegal search violates only the rights of those who have a legitimate expectation of privacy in the searched place. We further pointed out that in State v. Allen (Mont. 1980), 612

P.2d 199, 37 St.Rep. 919, a defendant who permanently resided in his girlfriend's apartment had standing to challenge the legality of the search. We also pointed out that in State v. Isom (Mont. 1982), 641 P.2d 417, 39 St.Rep. 137, we held that an overnight guest at his uncle's house had the right to exclude others and therefore had standing to challenge the legality of the search.

In this case, Kermit Kao came to the house of Francis Kao around midnight on August 11, 1982. He remained there continually until the illegal search around 9 p.m. on August 14, 1982. The record discloses a close personal relationship between Francis Kao and Kermit Kao which resulted in their marriage. In addition, at the time of the search Francis Kao was carrying Kermit Kao's child. We conclude that Kermit Kao had a legitimate expectation of privacy in Francis Kao's residence and has standing to challenge the constitutionality of the search.

The State argues that under Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 706, admission of the evidence was harmless error. The State emphasizes the testimony of both Francis Kao and Kermit Kao and argues that this testimony established all of the elements of the crime of escape. Thus, the State contends the evidence obtained from the illegal search was unnecessary for the conviction and was not prejudicial. After reviewing the record, we disagree with the State's conclusion.

The sequence of procedural events in this case is significant. On January 6, 1983, a District Court hearing was held on the motion to suppress. Immediately following argument on the motion, the District Court denied the motion to suppress as to both Kao I and Kao II. The trial of Kermit Kao commenced on February 3, 1983. The State first presented

3

the testimony of the prison investigator and the sheriff who participated in the illegal search. Those officers described the search and the discovery of Kermit Kao in Francis Kao's residence. Following completion of the State's case, both Francis Kao and Kermit Kao testified for the defense regarding the circumstances surrounding the escape. Their testimony disclosed problems in the relationship so serious in Kermit Kao's mind that he concluded he had to talk personally to Francis Kao. Both also testified about the illegal search and the discovery of Kermit Kao in Francis Kao's residence. The State argues that because of this testimony, the illegal search should be disregarded.

The evidence obtained in the course of the illegal search already had been presented to the jury when Kermit and Francis Kao testified. It would be unjust to affirm the conviction based upon their testimony. Had the illegal evidence not been admitted, the defense of Kermit Kao might have been entirely different. We conclude it was reversible error to admit the evidence obtained by the warrantless search of Francis Kao's residence.

The conviction of Kermit Kao is reversed. The cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4